UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARISMA MOSLEY,

*Plaintiff,*

– against –

SELIP & STYLIANOU, LLP,

*Defendant.*

**MEMORANDUM & ORDER**
25-cv-02919 (NCM) (CLP)

**NATASHA C. MERLE**, United States District Judge:

On May 27, 2025, *pro se* plaintiff Charisma Mosley filed this civil action against Selip & Stylianou, LLP ("S&S"), alleging violations of the Fair Debt Collection Practices Act and New York General Business Law § 349 in connection with S&S's attempts to collect a debt from plaintiff through a state court proceeding. Compl., ECF No. 1. Following the filing of her complaint, plaintiff filed the instant motion for a preliminary injunction, which seeks a stay of the state court debt collection proceeding. Motion for Preliminary Injunction ("Mot."), ECF No. 6. For the reasons stated below, plaintiff's request for preliminary injunctive relief is **DENIED**.

## BACKGROUND

Plaintiff seeks relief in connection with events arising out of a state court proceeding. Compl. 2.[1] In her complaint, plaintiff alleges that defendant S&S sent plaintiff a letter attempting to collect a debt of $4,916.96, claiming that the debt was owed to

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Synchrony Bank. Compl. ¶ 7. Thereafter, plaintiff claims that defendant S&S filed a lawsuit against her in state court to collect that debt, despite "lacking a valid chain of assignment or chain of title to prove their authority to collect the debt." Compl. ¶ 9. Plaintiff also claims that several months later, she obtained a recorded statement from Synchrony Bank which "denied involvement in any lawsuit against [p]laintiff." Compl. ¶ 10. Plaintiff alleges that S&S has nevertheless continued to pursue collection of the debt. Compl. ¶ 11. Plaintiff therefore brings claims against defendant S&S for violation of the Fair Debt Collection Practices Act ("FDCPA"), and New York General Business Law § 349.[2] Compl. ¶¶ 13–21.

Following the filing of her complaint, plaintiff filed the instant motion for a preliminary injunction.[3] In this motion, plaintiff requests that the Court intervene in the underlying state court debt collection proceeding by (1) staying that action; (2) prohibiting S&S from reporting the debt or further attempting to collect the debt; and (3) ordering S&S to withdraw the state court action. Mot. 3. Defendant opposes, arguing that plaintiff's requested relief is foreclosed by the Anti-Injunction Act, and even if the Anti-Injunction Act did not apply, plaintiff has failed to satisfy the requirements for the entry of a preliminary injunction. *See generally* Opposition ("Opp'n"), ECF No. 7. As discussed below, the Court finds that it lacks authority to issue a preliminary injunction staying the

---

[2]    Pursuant to Section 349 of the New York State General Business Law, it is unlawful to engage in "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state[.]" N.Y. Gen. Bus. Law § 349(a).

[3]    Prior to plaintiff's motion for a preliminary injunction, defendant S&S filed a request for a pre-motion conference in anticipation of a motion to dismiss. *See* Pre-Motion Conference Request ("PMC Req."), ECF No. 5; Response to Pre-Motion Conference Request ("PMC Resp."), ECF No. 8. Defendant's request for a pre-motion conference will be addressed in a separate order.

state court debt collection proceeding pursuant to the Anti-Injunction Act. Additionally, the Court finds that it lacks authority to order S&S to withdraw the state court debt collection proceeding or to enjoin S&S from further attempting to collect the debt, as these alternative requests for relief would, in substance, constitute a stay of the state court debt collection proceeding.[4] Thus, plaintiff's motion for a preliminary injunction is denied.

## DISCUSSION

Preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007).[5] To secure a preliminary injunction, a plaintiff must establish the following elements: "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of [her] claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in [her] favor . . . ; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022). Federal courts may issue preliminary injunctions pursuant to the All-Writs Act, which allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, this authority is "limited by the Anti-Injunction Act[.]" *Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 425 (2d Cir. 2004).

---

[4]    This finding additionally aligns with the "principles of equity, comity, and federalism that must restrain a federal court" when asked to interfere in a state court proceeding. *Wyly v. Weiss*, 697 F.3d 131, 144 (2d Cir. 2012) (quoting *Mitchum v. Foster*, 407 U.S. 225, 243 (1972)). *See also Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287–88 (1970) ("It is settled that the prohibition of [the Anti-Injunction Act] cannot be evaded by addressing the order to the parties[.]").

[5]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

Pursuant to the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as [1] expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283. This statute applies where "the requested injunction would [] stay the ongoing state proceedings[.]" *Kane v. New York*, 22-cv-03174, 2024 WL 50969, at *2 (E.D.N.Y. Jan. 4, 2024); *see also Bey v. Kings Fam. Ct.*, No. 25-cv-00809, 2025 WL 1181679, at *3 (E.D.N.Y. Apr. 23, 2025) (quoting *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977)) ("The Anti-Injunction Act functions as an absolute prohibition against any injunction of any state-court proceedings."). The exceptions to the Anti-Injunction Act are "narrow," and "doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Atl. Coast Line R.R. Co.*, 398 U.S. at 297).

Here, plaintiff's motion for a preliminary injunction does not identify any exception to the Anti-Injunction Act that would permit this Court to issue an injunction interfering in the state court debt collection proceeding. Nevertheless, the Court considers the available exceptions to the Anti-Injunction Act and finds that they do not apply to plaintiff's requested relief.

The first exception to the Anti-Injunction Act allows a federal court to stay a state court proceeding where "expressly authorized" by Congress and applies where an Act of Congress "clearly creating a federal right or remedy enforceable in a federal court of equity[] could be given its intended scope only by the stay of a state court proceeding." *Mitchum v. Foster*, 407 U.S. 225, 237–38 (1972). Here, the FDCPA provides that debt collectors who have violated the provisions of the FDCPA may be liable for money

4

damages. *See* 15 U.S.C.A. § 1692k(a). Plaintiff has not articulated how her ability to collect money damages from defendant's alleged violation of the FDCPA will be impaired or defeated in the absence of a stay of the state court debt collection proceeding. Thus, plaintiff's requested preliminary injunction does not fall within the first exception to the Anti-Injunction Act.

The second exception to the Anti-Injunction Act, which allows a federal court to stay a state court proceeding where "necessary in aid of its jurisdiction," is "generally reserved for state court actions *in rem*, because the state court's exercise of jurisdiction necessarily impairs, and may defeat, the federal court's jurisdiction over the *res*." *Wyly*, 697 F.3d at 137–38.[6] The Second Circuit has cautioned that an injunction in an *in personam* state court proceeding may be appropriate only under certain limited circumstances, such as a "case where a far-advanced, complex, multidistrict class action was on the verge of settlement," and was so far-advanced that it was the virtual equivalent of a *res* over which the district judge required full control. *Wimberly v. Stern*, No. 22-cv-07581, 2023 WL 6466465, at *11 (S.D.N.Y. Oct. 4, 2023), *appeal dismissed*, No. 23-7702, 2024 WL 4763228 (2d Cir. Apr. 19, 2024) (quoting *Wyly*, 697 F.3d at 138). Here, plaintiff seeks to stay a state debt collection proceeding brought against plaintiff in her personal capacity, and thus is an action *in personam* which does not generally fall within this exception. Additionally, the instant case is not similar to that of a far-advanced, complex, multidistrict class action that would warrant an injunction in an *in personam* action. *See* Mot. 1 (the action plaintiff seeks to stay is *Synchrony Bank v. Charisma Mosley*, Index

---

[6]    An action "*in rem*" is an action "[i]nvolving or determining the status of a thing." IN REM, Black's Law Dictionary (12th ed. 2024). An action "*in personam*" is an action "brought against a person rather than property." IN PERSONAM, Black's Law Dictionary (12th ed. 2024).

No. 701137/2025, Supreme Court of New York, Queens County). Here, the state court's exercise of jurisdiction over the underlying debt collection proceeding will not necessarily impair or defeat the federal court's exercise of jurisdiction over plaintiff's claims for unfair and deceptive practices under both the FDCPA and New York's General Business Law § 349. Accordingly, plaintiff's requested preliminary injunction does not fall within the second exception to the Anti-Injunction Act.

Lastly, the third exception to the Anti-Injunction Act, which is called the "relitigation" exception, "permits a federal court to enjoin a state court proceeding to protect or effectuate [the federal court's] judgments." *Wyly*, 697 F. 3d at 139. This exception allows a federal court to "enjoin state litigation of a claim or issue that was previously presented to and decided by the federal court." *Id.* Here, there is no indication that the issues presented by the state court debt collection proceeding have been previously presented to and decided by a federal court. Accordingly, this exception to the Anti-Injunction Act is inapplicable to the instant action.

## CONCLUSION

As none of the exceptions to the Anti-Injunction Act apply to plaintiff's requested relief, this Court does not have authority to stay the underlying state court debt collection proceeding, order S&S to stop attempting to collect the debt, or to order S&S to withdraw the state court proceeding. Thus, plaintiff's motion for a preliminary injunction is DENIED.

**SO ORDERED.**

  __/s/ Natasha C. Merle___
  NATASHA C. MERLE
  United States District Judge

Dated:      September 10, 2025
            Brooklyn, New York

6